[J-96-2020][M.O. - Baer, J.]

# IN THE SUPREME COURT OF PENNSYLVANIA
## MIDDLE DISTRICT

| | |
|---|---|
| PENNSYLVANIA DEMOCRATIC PARTY, NILOFER NINA AHMAD, DANILO BURGOS, AUSTIN DAVIS, DWIGHT EVANS, ISABELLA FITZGERALD, EDWARD GAINEY, MANUEL M. GUZMAN, JR., JORDAN A. HARRIS, ARTHUR HAYWOOD, MALCOLM KENYATTA, PATTY H. KIM, STEPHEN KINSEY, PETER SCHWEYER, SHARIF STREET, AND ANTHONY H. WILLIAMS : | No. 133 MM 2020 |
| : | |
| v. : | SUBMITTED: September 8, 2020 |
| : | |
| KATHY BOOCKVAR, IN HER CAPACITY AS SECRETARY OF THE COMMONWEALTH OF PENNSYLVANIA; ADAMS COUNTY BOARD OF ELECTIONS; ALLEGHENY COUNTY BOARD OF ELECTIONS; ARMSTRONG COUNTY BOARD OF ELECTIONS; BEAVER COUNTY BOARD OF ELECTIONS; BEDFORD COUNTY BOARD OF ELECTIONS; BERKS COUNTY BOARD OF ELECTIONS; BLAIR COUNTY BOARD OF ELECTIONS; BRADFORD COUNTY BOARD OF ELECTIONS; BUCKS COUNTY BOARD OF ELECTIONS; BUTLER COUNTY BOARD OF ELECTIONS; CAMBRIA COUNTY BOARD OF ELECTIONS; CAMERON COUNTY BOARD OF ELECTIONS; CARBON COUNTY BOARD OF ELECTIONS; CENTRE COUNTY BOARD OF ELECTIONS; CHESTER COUNTY BOARD OF ELECTIONS; CLARION COUNTY BOARD OF ELECTIONS; CLEARFIELD COUNTY BOARD OF ELECTIONS; CLINTON COUNTY BOARD OF ELECTIONS; : | |

COLUMBIA COUNTY BOARD OF ELECTIONS; CRAWFORD COUNTY BOARD OF ELECTIONS; CUMBERLAND COUNTY BOARD OF ELECTIONS; DAUPHIN COUNTY BOARD OF ELECTIONS; DELAWARE COUNTY BOARD OF ELECTIONS; ELK COUNTY BOARD OF ELECTIONS; ERIE COUNTY BOARD OF ELECTIONS; FAYETTE COUNTY BOARD OF ELECTIONS; FOREST COUNTY BOARD OF ELECTIONS; FRANKLIN COUNTY BOARD OF ELECTIONS; FULTON COUNTY BOARD OF ELECTIONS; GREENE COUNTY BOARD OF ELECTIONS; HUNTINGDON COUNTY BOARD OF ELECTIONS; INDIANA COUNTY BOARD OF ELECTIONS; JEFFERSON COUNTY BOARD OF ELECTIONS; JUNIATA COUNTY BOARD OF ELECTIONS; LACKAWANNA COUNTY BOARD OF ELECTIONS; LANCASTER COUNTY BOARD OF ELECTIONS; LAWRENCE COUNTY BOARD OF ELECTIONS; LEBANON COUNTY BOARD OF ELECTIONS; LEHIGH COUNTY BOARD OF ELECTIONS; LUZERNE COUNTY BOARD OF ELECTIONS; LYCOMING COUNTY BOARD OF ELECTIONS; MCKEAN COUNTY BOARD OF ELECTIONS; MERCER COUNTY BOARD OF ELECTIONS; MIFFLIN COUNTY BOARD OF ELECTIONS; MONROE COUNTY BOARD OF ELECTIONS; MONTGOMERY COUNTY BOARD OF ELECTIONS; MONTOUR COUNTY BOARD OF ELECTIONS; NORTHAMPTON COUNTY BOARD OF ELECTIONS; NORTHUMBERLAND COUNTY BOARD OF ELECTIONS; PERRY COUNTY BOARD OF ELECTIONS; PHILADELPHIA COUNTY BOARD OF ELECTIONS; PIKE COUNTY BOARD OF ELECTIONS; POTTER COUNTY BOARD OF ELECTIONS; SCHUYLKILL COUNTY BOARD OF ELECTIONS; SNYDER COUNTY BOARD

:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:

OF ELECTIONS; SOMERSET COUNTY : 
BOARD OF ELECTIONS; SULLIVAN : 
COUNTY BOARD OF ELECTIONS; : 
SUSQUEHANNA COUNTY BOARD OF : 
ELECTIONS; TIOGA COUNTY BOARD OF : 
ELECTIONS; UNION COUNTY BOARD OF : 
ELECTIONS; VENANGO COUNTY BOARD : 
OF ELECTIONS; WARREN COUNTY : 
BOARD OF ELECTIONS; WASHINGTON : 
COUNTY BOARD OF ELECTIONS; : 
WAYNE COUNTY BOARD OF : 
ELECTIONS; WESTMORELAND COUNTY : 
BOARD OF ELECTIONS; WYOMING : 
COUNTY BOARD OF ELECTIONS; AND : 
YORK COUNTY BOARD OF ELECTIONS : 
 : 
 : 
PETITION OF: KATHY BOOCKVAR, IN : 
HER CAPACITY AS SECRETARY OF THE : 
COMMONWEALTH OF PENNSYLVANIA : 

## CONCURRING AND DISSENTING OPINION

**CHIEF JUSTICE SAYLOR**　　　　　　　　**DECIDED: September 17, 2020**

I join Parts I, II, and III(C), (D) and (E) of the majority opinion, and I respectfully dissent relative to Parts III(A) and (B), concerning the approval of unmanned drop boxes and the extension of the deadline for receiving mail-in ballots.

With regard to drop boxes, I agree with Respondent and the Caucus that the statutory option for a voter to deliver a mail-in ballot "in person to said county board of election" contemplates in-person delivery to a manned, office location.  25 P.S. §3150.16(a).  Although another provision of the Election Code contemplates receipt of "ballot boxes and returns . . . in such other place as has been designated by the board" on Election Day, *id.* §3151, no analogous provision applies to the submission by voters of individual ballots.  Moreover, the legislative policy to restrain aggregated handling of

mail-in ballots by third parties is manifest, *see, e.g.*, *id.* §3150.16(a) (requiring *the elector* to mail or deliver a ballot), and the enforceability of this policy is weakened by the use of non-statutory, unmanned drop boxes. This, to me, this suggests against a permissive interpretation of the Election Code.

Relative to the deadline for receiving mail-in ballots, I join Part II of Justice Donohue's concurring and dissenting opinion, as this most closely hews to the express legislative intent that the election be concluded by 8:00 p.m. on election night.

Finally, although the majority decision appears to be designed to accommodate only ballots actually mailed on Election Day or before, the majority does not so much as require a postmark. Particularly in combination with the allowance of drop boxes, this substantially increases the likelihood of confusion, as well as the possibility that votes will be cast after 8:00 p.m. on Election Day, thus greatly undermining a pervading objective of the General Assembly.

Justice Mundy joins this concurring and dissenting opinion.